UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Criminal No. 14-cr** |
| **v.** | **UNDER SEAL** |
| **BENJAMIN ZALMAN-POLUN,** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION TO SEAL ALL PLEADINGS AND FILINGS AND TO SEAL THE COURTROOM FOR ALL PROCEEDINGS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to seal the accompanying Criminal Information, and all other pleadings and filings, and to seal the courtroom for all proceedings. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a Criminal Information charging Conspiracy to Distribute and Possess with Intent to Distribute Less Than 50 Kilograms of Marijuana, in violation of 21 U.S.C. § 846. As part of his plea agreement, the defendant has agreed to cooperate with the government in the investigation and prosecution of others. His cooperation may include arranging introductions of undercover law enforcement agents to narcotics suppliers and providing testimony in the Grand Jury and at other judicial proceedings. It may lead to criminal charges being filed against individuals for narcotics violations.

In United States v. Hubbard, 650 F.2d 293, 317 (D.C. Cir. 1990), the District of Columbia Circuit addressed whether documents seized from a third party during a search warrant and later introduced under seal at a pretrial suppression hearing should be made available to the public. Id. at 295. The Court first weighed the public interest in access to the documents against

the third party's interests.  Id. at 317.  It referred to these "competing interests" as "the 'generalized interests' at stake."  Id.  The Court's "generalized interests" analysis did not consider the specific contents of the documents.  Id.

The Court analyzed the following six factors in its assessment of the generalized interests: (1) the need for public access to the documents; (2) public use of the documents; (3) fact of objection and identity of those objecting to disclosure; (4) strength of the generalized property and privacy interest asserted; (5) possibility of prejudice; and (6) the purposes for which the documents were introduced.  After the District of Columbia Circuit assessed the "generalized interests" in public disclosure, it considered whether "particularized factors" weigh for or against public access to the documents.  Id. at 322-23.

Based on the nature of the government's ongoing criminal investigation being conducted by the Drug Enforcement Administration, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by: (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation; (3) causing the cooperating defendant to be reluctant to continue his cooperation; (4) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (5) causing potential witnesses and targets to destroy documents and other evidence.

Individuals involved in the distribution of illegal narcotics often engage in violent acts against individuals or their family members if they are believed to be cooperating with the government.  It is common practice for individuals associated with drug organizations to check the court's public record to ascertain whether the government has filed any pleadings under seal

in cases against associates and suspected cooperators. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the sealed pleadings is likely to compromise any ongoing or future investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders. Accordingly, the government submits that these particularized factors outweigh the "generalized interest" in public disclosure under <u>Hubbard</u>.

    Robert C. Bonsib, counsel for the defendant, has advised the undersigned attorney that the defendant consents to the granting of this motion and the entry of the attached order.

    WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the government respectfully requests that this motion be granted.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

/s/ Anthony Saler
ANTHONY SALER, D.C. Bar No. 448254
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 252-7445
Anthony.Saler@USDoJ.Gov

3