UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 14-cr |
| v. | : | UNDER SEAL |
| BENJAMIN ZALMAN-POLUN, | : | Violation: |
| | : | 21 U.S.C. § 846 |
| Defendant. | : | (Conspiracy to Distribute and Possess with Intent to Distribute Less than 50 Kilograms of Marijuana) |
| | : | Forfeiture: |
| | : | 21 U.S.C. § 853(a), (p) |

### GOVERNMENT'S FACTUAL PROFFER AND ELEMENTS OF OFFENSE IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Factual Proffer and Elements of Offense in Support of the Defendant's Plea of Guilty to the Information in the above-captioned matter.

### I. CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA

#### A. Elements

Count One of the Information charges Conspiracy to Distribute and Possess With Intent to Distribute Less Than 50 Kilograms of Marijuana, in violation of 21 U.S.C. § 846. The essential elements of the offense, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute a controlled substance, that is, marijuana; and

(2) that the defendant intentionally joined in that illegal agreement.

Marijuana is listed as a Schedule I controlled substance. 21 C.F.R. § 1308.11. A conspiracy in violation of 21 U.S.C. § 846 does not require proof of an overt act. See United States v. Shabani, 513 U.S. 10, 15 (1994).

The essential elements of the offense of distribution of a controlled substance are:

(1) That the defendant distributed a controlled substance, that is, marijuana. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return; and

(2) That the defendant distributed the controlled substance, that is, marijuana, knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the offense of possession with intent to distribute a controlled substance are:

(1) That the defendant possessed a measurable amount of controlled substance, that is, marijuana;

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

(3) That when the defendant possessed the controlled substance, that is, marijuana, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

### B. Penalties

A person who conspires to commit a narcotics offense in violation of 21 U.S.C. § 846 is "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. The penalty for distribution and possession

with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), is set forth in 21 U.S.C. § 841(b)(1)(D). The maximum penalty for the offense is:

(1) a term of imprisonment of not more than 5 years;

(2) a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $250,000. Title 18, United States Code, Section 3571(b) provides for a fine not more than the greater of the amount specified in the law setting forth the offense; or the applicable amount under subsection 3571(d). Subsection 3571(d) authorizes a fine not more than twice the gross pecuniary gain from the offense;

(3) a term of supervised release of at least 2 years. Count One is classified as a Class D Felony under 18 U.S.C. § 3559(a)(4). Pursuant to 18 U.S.C. § 3583(b)(2), the maximum term of supervised release for a Class D Felony is three years; and

(4) a special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

## II. **FACTUAL PROFFER**

In or about October 2011, the defendant moved to Lake Tahoe, California with Nathan Young. Nathan Young was a grade school friend of the defendant. The defendant's mother had provided money to the defendant for living expenses in Lake Tahoe. The defendant used some of those funds as "seed money" for a marijuana distribution business with Nathan Young.

From approximately October 2011 to April 2012, the defendant and Nathan Young sold marijuana to customers located in the District of Columbia and elsewhere, including Chicago, Illinois, Colorado, and North Carolina. As part of the conspiracy, marijuana was shipped from California to customers located within the District of Columbia.

In furtherance of the conspiracy, on two to three occasions, the defendant traveled to Chico, California, with Nathan Young, to purchase marijuana from Distributor # 1. On approximately four occasions, the defendant flew to the District of Columbia and then returned to Lake Tahoe, California with cash from individuals who had previously purchased marijuana. The defendant carried between $6,000 and $10,500 on these flights. Some individuals travelled to Lake Tahoe, California to purchase marijuana from the defendant and Nathan Young.

The proceeds obtained from the drug conspiracy were at least $50,000. During the course of the drug conspiracy, the defendant and his co-conspirators distributed or possessed with intent to distribute at least 20 kilograms of marijuana. The marijuana distributed or possessed with intent to distribute by the defendant's co-conspirators was pursuant to jointly undertaken criminal activity that was reasonably foreseeable to the defendant and within the scope of the defendant's conspiratorial agreement.

## **LIMITED NATURE OF PROFFER**

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government and described by the defendant to the government, but rather is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged offense.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY: _____
Anthony Saler
Assistant United States Attorney

### Defendant's Acceptance

I have read each of the four (4) pages which constitute the government's Proffer and have discussed it with my attorney, Robert C. Bonsib. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 11/26/14

_____
Benjamin Zalman-Polun
Defendant


### Attorney's Acknowledgment

I have read each of the four (4) pages which constitute the government's Proffer, reviewed them with my client, and discussed the provisions of the proffer with him, fully. These pages accurately and completely set forth the government's proof as I understand it.

Date: 11/26/14

_____
Robert C. Bonsib
Attorney for the Defendant