UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 14-cr-180 (RWR) |
| BENJAMIN ZALMAN-POLUN, | : UNDER SEAL |
| Defendant. | : |

## GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE UNDER USSG § 5K1.1 AND MEMORANDUM IN AID OF SENTENCING

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby submits this motion for downward departure, pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("USSG" or "Guidelines"), and memorandum in aid of sentencing concerning the defendant, Benjamin Zalman-Polun.

## SUMMARY

On November 26, 2014, the defendant entered into a cooperation agreement with the Government and pled guilty to conspiracy to distribute and possess with intent to distribute less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D).

The Probation Office calculated the defendant's total offense level as 12. The Government agrees that this offense level is accurate. The defendant has provided substantial assistance in the investigation and prosecution of other individuals. As a result, the Government moves for a four-level departure from the Guidelines pursuant to USSG § 5K1.1. The resulting total offense level will be 8 if the Court grants the motion. The defendant's Criminal History Category is I. His corresponding Guidelines range at an offense level of 8 is zero to six months.

The Government requests that the Court impose a sentence of probation for 24 months with the following conditions: (1) confine the defendant to the Bureau of Prisons for a total of five weekends; and (2) require the defendant to perform 150 hours of community service.

## I. FACTUAL BACKGROUND

In or about October 2011, the defendant moved to Lake Tahoe, California with Nathan Young. Nathan Young was a grade school friend of the defendant. The defendant's mother had provided money to the defendant for living expenses in Lake Tahoe. The defendant used some of those funds as "seed money" for a marijuana distribution business with Nathan Young.

Between approximately in or about October 2011 to April 2012, the defendant and Nathan Young sold marijuana to customers located in the District of Columbia and elsewhere, including, Chicago, Illinois, and North Carolina. As part of their business, marijuana was shipped from California to customers located within the District of Columbia. On two to three occasions, the defendant traveled to Chico, California, with Nathan Young, to purchase marijuana from Distributor #1. On approximately four occasions, the defendant flew to the District of Columbia and then returned to Lake Tahoe with cash from individuals who had previously purchased marijuana. The defendant carried between $6,000 and $10,500 on these flights. Some individuals travelled to Lake Tahoe to purchase marijuana from the defendant and Nathan Young.

Throughout the course of the conspiracy, the defendant and his co-conspirators distributed or possessed with intent to distribute at least 20 kilograms of marijuana. The marijuana distributed or possessed with intent to distribute by defendant's co-conspirators was pursuant to jointly undertaken criminal activity that was reasonably foreseeable to the defendant and within the scope of the defendant's conspiratorial agreement.

## II. THE APPLICABLE ADVISORY GUIDELINES RANGE

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for a sentencing determination. <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007). While the Court must ultimately "impose a sentence sufficient, but not greater than necessary to comply with the" requirements listed in 18 U.S.C. § 3553(a)(2), the Guidelines range is a factor that must be considered in the analysis. 18 U.S.C. § 3553(a)(4).

### Guidelines Calculation

| | |
|---|---|
| Base Offense Level<br>USSG § 2D1.1(a)(5)&(c)(12) | 16 |
| Specific Offense Characteristics<br>USSG § 2D1.1(b)(17)[1] | -2 |
| Adjusted Offense Level | 14 |

### Acceptance of Responsibility

| | |
|---|---|
| USSG § 3E1.1(a)[2] | -2 |
| Total Offense Level | 12 |

## III. OTHER SENTENCING FACTORS

### The Nature and Circumstances of the Offense

The defendant committed a serious offense. The defendant engaged in the interstate shipment of illegal narcotics. The narcotics were sent to addresses of people who were not involved in the conspiracy. The defendant personally transported the proceeds from his drug

---

[1] The defendant meets the requirements of the "Limitation on Applicability of Statutory Minimum in Certain Cases" provisions in USSG § 5C1.2(a).

[2] The government believes that the defendant has clearly demonstrated his acceptance of responsibility.

3

trafficking enterprise on cross-country flights. Although the defendant did not engage in any violent acts, his criminal activity could easily have resulted in injury to himself, other members of the conspiracy, and the unsuspecting recipients of the drug shipments.

### The History and Characteristics of the Defendant

The defendant is 27 years-old. He graduated from the University of Colorado with a Bachelor of Arts degree in 2011. That same year, he completed five graduate classes at Georgetown University in Business Administration. In 2013, the defendant started a commodity trading business called Argyle Trade Company. He owns 10% of the company. His primary responsibility is marketing. He works approximately 15 hours per week. As of December 2014, the defendant has also worked for Postmaids as a courier and Uber as a driver. Throughout his employment history, his parents have been his primary financial providers.

The defendant voluntarily met with law enforcement agents on two occasions prior to agreeing to the plea. The defendant immediately accepted full responsibility for his conduct and appeared to be remorseful. He began assisting the Government prior to signing the plea agreement.

### The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment; to Afford Adequate Deterrence; to Protect the Public From Further Crimes of the Defendant; and to Provide the Defendant with Needed Educational or Vocational Training

A sentence of 24 months probation with the condition that the defendant serves five weekends in custody reflects the seriousness of the defendant's offense and provides just punishment. The defendant engaged in an interstate drug conspiracy. He involved innocent people in his conspiracy. He deserves to spend some time incarcerated and have an extended period of probation. Probation is a significant restraint on liberty. See United States v. Knights,

4

534 U.S. 112, 119 (2001).  However, the defendant's age and the non-violent nature of his criminal activity militate against a sentence of imprisonment.

The requirement that the defendant spend five weekends in prison will act as a significant deterrent to future criminal activity from the defendant.  It will permit the defendant to reflect on his actions and focus on using his skills in a productive manner.  It will also serve as a general deterrent to others, especially those in the defendant's peer group.

### The Kinds of Sentences Available

The Sentencing Guidelines authorize a probationary sentence if the applicable guidelines range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention. USSG § 5B1.1  The defendant may be sentenced to a term of probation of not less than one nor more than five years. 18 USC § 3561(c)(1); <u>see also</u> USSG § 5B1.2(a).  Intermittent confinement "means remaining in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time." USSG § 5F1.8.

The Guidelines provide that restitution, community service, or both shall be a mandatory condition of probation for a felony offense unless the court imposes a fine or finds on the record that "extraordinary circumstances" make such a condition "plainly unreasonable." USSG §5B1.3(a)(2). The Government recommends that the court impose 150 hours of community service.

### The Sentencing Range Established by the Guidelines and Pertinent Policy Statements

As discussed above, the defendant's total offense level is 12.  His corresponding Guidelines Range is 10-16 months.

The Government moves for a four-level departure, pursuant to USSG § 5K1.1, based on the defendant's substantial assistance. The defendant provided information about numerous individuals involved in the drug trade. He actively assisted law enforcement agents in developing cases against four individuals. The defendant's assistance resulted in two convictions in Superior Court. A third individual is cooperating with the Government and will likely plead guilty.

If the Court grants the Government's motion, the defendant's adjusted offense level will be eight. The resulting Guidelines range is zero to six months.

### The Need to Avoid Unwarranted Sentencing Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

A probationary sentence does not create an unwarranted sentencing disparity when one considers the defendant's substantial assistance and the sentences imposed by this Court in related cases.

### The Need to Provide Restitution to Any Victims of the Offense

There are no victims of the defendant's offense.

## IV. CONCLUSION

The Government requests that the Court impose a sentence of 24 months of probation with the following conditions: (1) confine the defendant to the Bureau of Prisons for five weekends; and (2) require the defendant to perform 150 hours of community service. The Court has already entered the Consent Order of Forfeiture, which is part of the defendant's sentence and shall be included in the judgment under Federal Rule of Criminal Procedure 32.2(b)(4)(B).

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By: _____/s/_____
ANTHONY SALER
D.C. Bar No. 448254
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6971
Anthony.Saler@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 6, 2015, I sent a copy of this filing to Robert Bonsib, counsel for the defendant, via email to robertbonsib@marcusbonsib.com.

Anthony Saler
Assistant United States Attorney